101 F.3d 681
 NOTICE: THIS SUMMARY ORDER MAY NOT BE CITED AS PRECEDENTIAL AUTHORITY, BUT MAY BE CALLED TO THE ATTENTION OF THE COURT IN A SUBSEQUENT STAGE OF THIS CASE, IN A RELATED CASE, OR IN ANY CASE FOR PURPOSES OF COLLATERAL ESTOPPEL OR RES JUDICATA. SEE SECOND CIRCUIT RULE 0.23.
Anthony James PETERKIN, Plaintiff-Appellant,
v.
T. Urling WALKER, City of Watertown Mayor, Michael J.
Hennegan, City of Watertown Police Chief, Police
Officer Woods, City of Watertown, Defendants,
 No. 95-2355.
 United States Court of Appeals, Second Circuit.
 April 1, 1996.
 
 ANTHONY J. PETERKIN, PRO SE, OGDENSBURG, NEW YORK APPEARING FOR APPELLANT:
 CATHERINE J. PALERMO, ESQ., WATERTOWN, NEW YORK APPEARING FOR APPELLEE:
 N.D.N.Y.
 AFFIRMED.
 PRESENT: Hon. Richard J. Cardamone, Hon. John M. Walker, Jr. Hon. Joseph M. McLaughlin, Circuit Judges.
 
 
 1
 Plaintiff-appellant Anthony James Peterkin, who is proceeding pro se, appeals from a judgment of the district court dismissing his civil rights complaint pursuant to Fed.R.Civ.P. 52(c). On October 21, 1991, Peterkin filed a complaint pursuant to 42 U.S.C. § 1983 against Donald F. Newberry, Sheriff of the Jefferson County Jail, alleging that his Fourteenth Amendment due process rights were violated. Specifically, Peterkin claimed that, while he was a pretrial detainee incarcerated at the Jefferson County Jail, he suffered back injuries because of inadequate bedding. It is undisputed that Peterkin was housed for approximately twenty-six days during June and July 1991 in a "catwalk" area between a group of cells where he was made to sleep on a floor mattress. During this period, Jefferson County Jail was overcrowded; Newberry allegedly received, but did not produce, a variance from the New York State Commission of Corrections for temporary housing arrangements. In 1992, the Jefferson County Jail was closed and replaced by a new facility.
 
 
 2
 At the conclusion of the evidence during an April 1995 bench trial, Magistrate Judge Scanlon granted Newberry's motion for judgment on partial findings on the ground that Peterkin failed to meet his burden of proof and dismissed his complaint pursuant to Rule 52(c). Peterkin filed this timely appeal, claiming that the magistrate judge's dismissal was in error because it was a per se constitutional violation to make him sleep on the floor. Newberry argues that sleeping on a floor mattress is not a per se constitutional violation and contends that the evidence at trial demonstrated that Peterkin was provided with a clean and sanitary mattress, hygiene products, access to all of the facility's resources, and enjoyed the same privileges as the general inmate population.
 
 
 3
 Rule 10(b)(2) of the Federal Rules of Appellate Procedure states:
 
 
 4
 If the appellant intends to urge on appeal that a finding or conclusion is unsupported by the evidence or is contrary to the evidence, the appellant shall include in the record a transcript of all evidence relevant to such finding or conclusion.
 
 
 5
 There is no indication in the record that Peterkin, who is proceeding pro se, requested a transcript or was notified that it was his obligation to do so. Peterkin's failure to provide the court with the relevant portions of the transcript precludes a proper review of the magistrate judge's findings of fact and conclusions of law. For this reason, we dismiss the appeal without prejudice to reinstatement on motion and instruct Peterkin to provide the court with the relevant portions of the transcript or, in the alternative, to file a motion in the district court for a free transcript.
 
 
 6
 If Peterkin elects to request a free transcript in the district court, the district court will have an opportunity to determine whether this appeal presents a substantial question. 28 U.S.C. § 753(f). In connection with this inquiry, we note that while one district court has read Lareau v. Manson, 651 F.2d 96 (2d Cir.1981), to hold floor mattresses per se unconstitutional, see Vasquez v. Grey, 523 F.Supp. 1359, 1365 (S.D.N.Y.1981), we do not read Lareau to support such a holding. In Lareau, prison officials used floor mattresses in "double-bunked" cells, severely limiting space for movement. Lareau, 651 F.2d at 99. The court held that such use of floor mattresses was unconstitutional regardless of the length of time they were in use. This reading of Lareau is consistent with the well-established precedent that a proper analysis requires the court to consider the particular circumstances of each case. See Bell v. Wolfish, 441 U.S. 520 (1979).
 
 
 7
 For the reasons set forth above, the appeal is dismissed without prejudice.